PRIESTLY v. PROVIDENT SAV. CO.

(Circuit Court, E. D. Pennsylvania. December 14, 1901.)

No. 25.

1. TRIAL—DIRECTION OF VERDICT.

   Although a plaintiff makes out a prima facie case, so as to devolve upon the defendant the burden of proving a defense pleaded by him, the burden of proof upon the whole case remains with the plaintiff to establish his right of recovery; and, if the evidence as a whole is insufficient to support a verdict in his favor, it is the duty of the court to direct a verdict for defendant.

2. LIFE INSURANCE — ACTION ON POLICY — FALSE STATEMENT IN APPLICATION.

   A false statement, in an application for life insurance, in relation to the last time the applicant was treated by a physician, and the disease for which he was last treated, which was both a warranty and a representation material to the risk, is fatal to a recovery on the policy, and justifies the direction of a verdict for defendant in an action thereon.

At Law. Action on life insurance policy. On motion by plaintiff for new trial.

J. H. Shoemaker and A. S. L. Shields, for plaintiff.

Francis Rawle, for defendant.

DALLAS, Circuit Judge. When the evidence was closed, although I had then had no opportunity to review it, I believed that its weight, at least, was so clearly and decidedly in favor of the defendant, that, if a verdict should be rendered for the plaintiff, the court, in the exercise of its discretion, would be impelled to set it aside. In view of this situation, and with intent to obviate the possibility of a second trial becoming necessary, the questions of fact involved were submitted to the jury, subject to a point reserved, by which the court retained the power to ultimately decide whether or not there had been any evidence to go to the jury in support of the plaintiff's claim. The jurors retired for deliberation upon the afternoon of one day, and upon the morning of the next they reported that they had failed to reach an agreement, whereupon the court, having in the meantime more fully considered the evidence, directed a verdict for the defendant. The plaintiff now moves for a new trial, and the controlling question is, was this binding direction properly given?

The action being upon a contract of life insurance, the plaintiff made out a prima facie case by producing the policy, the proofs of death, etc., and the burden was then shifted to the defendant to adduce evidence in support of its defense, which in part was that several of the questions contained in the application attached to the policy had been untruthfully answered; and, this burden having been discharged by the introduction of testimony, which, in the absence of contravention, would have been conclusive, the onus probandi again devolved upon the plaintiff, who accordingly adduced evidence in rebuttal. But the general obligation to maintain his asserted right of recovery remained with the plaintiff throughout, and therefore, if the evidence as a whole would not warrant the verdict which he sought, it was the duty of the court to instruct the

jury accordingly. "It is well settled that the court may withdraw a case from them altogether, and direct a verdict for the plaintiff or defendant, as one or the other may be proper, where the evidence is undisputed, or of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it." 1 Greenl. Ev. § 74, note; Heinemann v. Heard, 62 N. Y. 448; Coughran v. Bigelow, 164 U. S. 301, 17 Sup. Ct. 117, 41 L. Ed. 442; Patton v. Railway Co., 179 U. S. 659, 21 Sup. Ct. 275, 45 L. Ed. 361; District of Columbia v. Moulton, 182 U. S. 576, 21 Sup. Ct. 840, 45 L. Ed. 1237; Railroad Co. v. Martin (C. C. A. Third Circuit, Nov. 11, 1901) 111 Fed. 586. I strongly incline to the opinion that upon several grounds this case was, under the authorities, rightly withdrawn from the jury; but as its withdrawal would, I think, have been fully justified if founded upon but one of them, it is unnecessary to refer to any others. The statement made in the application that the insured had been last attended by a physician in the year "1869," that the name of the physician was "Dr. Houghton," and that the complaint for which he had been last attended was "scarlet fever," was both a warranty and a representation material to the risk, and the evidence of its falsity was of such conclusive character that it would have been simply impossible to sustain a verdict returned in opposition to it.

The motion for new trial is denied.